```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 03/22/2018
```

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------X
CRAIG TERRY,

                Plaintiff,                      ORDER

        - against -                             17 Civ. 8240 (NRB)

MASTERPIECE ADVERTISING DESIGN,

                Defendant.
---------------------------------------X
```

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

Plaintiff Craig Terry, having served process on defendant Masterpiece Advertising Design at its corporate address on November 1, 2017 but receiving no response, moves for a default judgment. In particular, plaintiff seeks $20,000 in actual damages under section 504 of the Copyright Act, 17 U.S.C. § 504. On March 20, 2018, plaintiff filed proof of service of his default judgment papers, as required by Local Civil Rule 55.2(c) and Rule 2.G of this Court's individual rules of practice. See ECF No. 13.

Nonetheless, the motion is denied because plaintiff has provided insufficient evidence to support the amount of damages being sought. Under the Copyright Act, "an infringer of copyright is liable for either -- (1) the copyright owner's actual damages and any additional profits of the infringer, as provided by subsection (b); or (2) statutory damages, as provided by section (c)." 17 U.S.C. § 504(a). "[T]he copyright owner may elect . . . to recover, instead of actual damages and profits, an award of

statutory damages," id. § 504(c)(1), but plaintiff has not elected to seek statutory damages here.

An actual damages award must be "based on a factual basis rather than 'undue speculation,'" Bus. Trends Analysts, Inc. v. Freedonia Grp., Inc., 887 F.2d 399, 404 (2d Cir. 1989) (quoting Abeshouse v. Ultragraphics, Inc., 754 F.2d 467, 470 (2d Cir. 1985)), as "[t]he copyright laws do not allow speculative recovery," Mager v. Brand New Sch., No. 03 Civ. 8552, 2004 WL 2413978, at *4 (S.D.N.Y. Oct. 28, 2004) (Chin, J.); see also Getaped.com, Inc. v. Cangemi, 188 F. Supp. 2d 398, 403 (S.D.N.Y. 2002) ("Courts do not allow speculation as to the amount of actual damages suffered." (internal quotation marks omitted)).

Plaintiff has provided no factual basis to support the $20,000 in actual damages that he seeks here. Rather, his attorney avers "that an inquest into damages would be unnecessary because the Defendant's choice to ignore these proceedings should be construed against it." Liebowitz Aff. ¶ 6, Feb. 28, 2018, ECF No. 12. This proposition has no basis in law and cannot be reconciled with Rule 55 of the Federal Rules of Civil Procedure, which contemplates the possibility that a court, prior to the entry of default judgment, will "conduct hearings" when "it needs to . . . determine the amount of damages." Fed. R. Civ. P. 55(b)(2). Plaintiff's argument -- that inquiry into damages is obviated by the mere fact that a defendant has not defended the action (a characteristic

2

common to every action where a default judgment is being considered) and that he is therefore entitled to a damages amount constructed from whole cloth -- would improperly render Rule 55(b)(2) wholly superfluous. Cf. Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 587 (1993) ("We interpret the legislatively enacted Federal Rules of Evidence as we would any statute."); Mary Jo C. v. N.Y. State & Local Ret. Sys., 707 F.3d 144, 156 (2d Cir. 2013) ("[A] statute should be construed . . . so that no part will be inoperative or superfluous, void or insignificant." (quoting Corley v. United States, 556 U.S. 303, 314 (2009))).

Ultimately, an amount of damages sought can only be deemed "undue speculation" in the absence of some support or analysis. Plaintiff has provided none here, and his motion for a default judgment is therefore denied without prejudice. Any renewed motion shall include all evidence necessary to support the amount of actual damages being claimed. The motion (and any supporting papers) shall again be served on the defendant as a summons would be under Rule 4 of the Federal Rules of Civil Procedure, and proof of service shall again be filed with the Court.

**SO ORDERED.**

Dated:   New York, New York
         March 22, 2018

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

3